IN THE MATTER OF THE APPLICATION OF THE NORWOOD AND MONTREAL RAILROAD COMPANY, RESPONDENT, TO ACQUIRE LANDS OF WILLIAM H. D. GRANT AND OTHERS, APPELLANTS.

*Appraisal of damages for land to be taken for railroad purposes — the company should not be compelled to pay for rails laid by it upon the lands, with the consent of the adult owners, while expecting to make an arrangement for the purchase of the lands — Quære, whether costs can be allowed in such proceedings against the owners.*

APPEAL from an appraisal made by commissioners duly appointed on the petition of the above named railroad company to appraise lands belonging to the appellants, William H. D. Grant, Albert R. Grant, Edward A. Grant, Edith E. Grant and Jacob N. Grant, and from the order of the Supreme Court confirming said appraisal. Two of the appellants, Edith E. Grant and Jacob N. Grant, are infants, and appear by Charles N. Bixby, Esq., their guardian *ad litem*. The respondent took possession of the land and went on and completed its railroad, which was in operation October 1, 1886, but filed no petition for condemnation until January, 1887. Testimony was given showing that permission was given to the railroad company by William Grant, one of the appellants, to enter upon construction before the damages were agreed upon. It was proved that the value on the ground, as laid, of the rails, ties and spikes, as put down by the respondent on the land of the appellants, was $4,582.09, but the commissioners expressly refused to take that into consideration in assessing the damages.

The court at General Term said : " We think that the form of question put by the counsel for the railroad company was not correct. The proper question is pointed out in *New York, Lackawanna and Western Railroad Company* v. *Arnot* (27 Hun, 151). The witness should have testified to the value of the farm before the railroad property was taken, and then to its value as it would be after that had been taken. But in proceedings like this we are not bound to enforce the strict rules of evidence. The conclusion to which th ecommissioners came depended not solely on the testimony given, but partly on their own observation and knowledge. Unless, therefore, we think their conclusion erroneous, we ought to disregard the violation of rules of evidence. In this case, on all the facts, we cannot see that the commissioners erred in their conclusions as to the value of the land.

The next question is, as to their exclusion of proof of the value of rails and ties put on the land by the railroad company. The principle laid down in *Matter of Long Island Railroad Company* 6 T. & C., 298) and *In re New York, West Shore and Buffalo Railroad Company* (37 Hun, 317), ought not to be extended. It is not equitable, and, at most, should apply only to the case where the putting of the rails, etc., on the land was a trespass.

" Now, in this case, plainly the rails were put on the land under a license. The railroad and the parties were expecting to make an arrangement as to the sale of the land. But it may be said that some of the owners were infants, and that the act of the railroad company was a trespass as to them. These defendants are tenants in common. William H. D. Grant lived on the land with the others, and acted for them. The entry on the land was certainly with the consent of the adults, and thus with the consent of at least a part of the co-tenants. So far as this was possible, it was also with the consent of the infants. Under these circumstances, it would be unjust that the railroad company should pay for the rails, etc., which they had placed on the land.

" We see, therefore, no reason why, on the merits, the order should not be affirmed.

" No costs were allowed against the infants. Whether costs against adults can ever be allowed, consistently with the constitutional provisions as to taking private property, is a question not argued before us, and, therefore, not decided.

"The order should be affirmed, without costs to either party."

*Louis Hasbrouck*, for the appellants.

*N. M. Claflin*, for the respondent.

Opinion *Per Curiam*.

Present — LEARNED, P. J., LANDON and INGALLS, JJ.

Order affirmed, without costs.